# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN TWO PRODUCTIONS, INC., KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., SCREEN MEDIA VENTURES LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC and WONDER ONE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RCN TELECOM SERVICES, LLC and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC, <br><br> Defendants. | Civil Action No. 21-15310 (RK) (TJB) <br><br> **ORDER GRANTING APPLICATION** <br> **FOR ADMISSION PRO HAC VICE** <br><br> ***DOCUMENT FILED ELECTRONICALLY*** |

**THIS MATTER** having been opened to the Court by Saiber LLC, attorneys for Plaintiff Screen Media Ventures LLC ("SMV") for an Order allowing Jonathan E. Moskin, of the law firm of Foley & Lardner LLP, 90 Park Avenue, New York, NY 10016, to appear and participate *pro hac vice* in this matter, and the Court having considered said application; and there being no opposition; and for other and good cause having been shown, pursuant to L. Civ. R. 101.1(c) of the United States District Court for the District of New Jersey;

**IT IS** on this _____ day of _____, 2023, hereby

**ORDERED** that Jonathan E. Moskin, member of the bar of the state of New York, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L. Civ. R. 101.1(c) of the United States District Court for the District of New Jersey; provided however, that all

proceedings, briefs and other papers filed with the Court shall be signed by an attorney of the law firm of Saiber LLC, attorneys of record for SMV, who is a member in good standing of the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case and who shall be present before the Court during all phases of these proceedings, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that Jonathan E. Moskin shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2; and it is further

**ORDERED** that Jonathan E. Moskin shall pay $150.00 to the Clerk of the United States District Court for the District of New Jersey in payment of the fee for admission *pro hac vice* in accordance with L. Civ. R. 101.1(c)(3), *Appearance Pro Hac Vice; Local Counsel*; and it is further

**ORDERED** that Jonathan E. Moskin shall be bound by the Local Civil Rules of the United States District Court for the District of New Jersey, including, but not limited to, the provisions of L. Civ. R. 103.1, *Judicial Ethics and Professional Responsibility*, and L. Civ. R. 104.1, *Discipline of Attorneys*; and it is further

**ORDERED** that Jonathan E. Moskin shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

_____
**HONORABLE TONIANNE J. BONGIOVANNI,**
**U.S.M.J.**