# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

BODYGUARD PRODUCTIONS, INC., ET AL.,

Plaintiffs,

v.

RCN TELECOM SERVICES OF MASSACHUSETTS, LLC, ET AL.,

Defendants.

Civil Action No. 3:21-cv-15310-RK-TJB

*ELECTRONICALLY FILED*

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

---

20-0231A

## TABLE OF CONTENTS

Table of Authorities……………………………………………………………... 3

I.    Introduction……………………………………………………………… 4

II.   Factual Background……………………………………………………… 6

III.  Legal Standard…………………………………………………………… 7

IV.   Argument………………………………………………………………… 8

      A.    Plaintiffs' allegations regarding *Till Death* are consistent with and within the scope of the Order……………………………........................................ 8

      B.    Plaintiffs' allegations regarding Irdeto and Facterra are consistent with and within the scope of the Order.………………………......................................……10

      C.    The Court explicitly authorized Plaintiffs to add factual allegations not in the proposed SAC. ………………………………......................................……… 12

      D.    Defendants' request for an extension.………………… ….............. 13

V.    Conclusion……………………………………………………………… 13

20-023T

# TABLE OF AUTHORITIES

## *Statutes and Rules*

Fed. R. Civ. Pro. 12(f)……………………………………………………… 6-7

## *Cases*

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, (E.D. Va. 2015)………………………………………………………………………... 11

*Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, (D. Del. 2009). …………………………………………………………………………… 7

*Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, (D. Del. 2009). ………………………………………………………………………………... 8

*U.S. v. Kramer*, 757 F.Supp. 397, 409 (D.N.J. 1991)…………………………… 7

20-023T

Plaintiffs submit their memorandum in opposition to Defendants' Motion ("Motion" or "Mot.") [Doc. #85] to Strike Plaintiffs' Second Amended Complaint ("SAC") [Doc. #78].

## I.    INTRODUCTION

Defendants failed to do simple math in their Motion.  The Court's opinion issued on December 6, 2023 (Doc. #75, the "Opinion") states, "Plaintiffs shall be permitted to join the 13 non-Screen Media plaintiffs and add their approximately 20 new works to this matter." Doc. #75, p12.  Plaintiffs added 20 new works in the SAC: (1) *After*; (2) *After We Fell*; (3) *After Ever Happy*; (4) *Larceny*; (5) *Rumble*; (6) *Last Seen Alive*; (7) *Mr. Church*; (8) *The Protégé* (previously *The Asset*); (9) *Jolt*; (10) *Till Death*; (11) *Black Butterfly*; (12) *Revolt* f/k/a *Prisoners of War*; (13) *Good Kill*; (14) *Dallas Buyer's Club*; (15) *Pay the Ghost*; (16) *The Cobbler*; (17) *The Company You Keep*; (18) *The Necessary Death of Charlie Countryman*; (19) *Lady Bloodfight*; and (20) *Leatherface*. *See* Doc. #78-1. Plaintiffs joined 13 non-Screen Media plaintiffs: (1) After Productions, LLC; (2) After We Fell Productions, LTD; (3) After Ever Happy Productions, LTD; (4) Badhouse Studios, LLC; (5) Hannibal Media, Inc.; (6) Chase Film Nevada, LLC; (7) Cinelou Films, LLC; (8) The Guard Productions, LTD; (9) Jolt Productions, Inc.; (10) Til Productions, Inc.; (11) Paradox Studios, LLC; (12) Dallas Buyers Club, LLC; and (13) LF2 Productions, Inc.  These

20-023T

are the exact parties and works listed in the proposed SAC. *See* Doc. #55-2, pp. 46-47.   The Court's Opinion also states, "Plaintiffs are also permitted to clarify other factual allegations..."   Doc. #75, p13.   Both the proposed SAC and the First Amended Complaint [Doc. #22] alleged that, "Upon information and belief, other rightsholders had similar Notices sent to Defendants concerning infringing activity at IP addresses assigned to Defendants from ARIN with altered CMI." Doc. #55-2, ¶153; Doc. #22, ¶125.  Consistent with the Court's order, Plaintiffs clarified *who* are some of the other entities that sent notices on behalf of other rightsholders in the SAC by mentioning Irdeto and Facterra.  Plaintiffs further clarified other allegations such as: the relationship between MaverickEye and Plaintiffs (¶99); details concerning Defendants' ability to monitor and control the content their subscribers access ((¶¶165-172 and 174); details concerning Defendants' failure to comply with the technical requirements of the 17 U.S.C. §512(a) safe harbor (¶¶176-178), and details considering Defendants' failure to follow their own policies (¶¶191-197). Plaintiffs' counsel pointed out by email that simple math shows that addition of the Works and joined Plaintiffs was appropriate, yet Defendants still chose to go forward with this frivolous argument.  *See* Doc. #90-1, p.4 ("Please look at DE 55-2 p.46 and count the additions").  Defendants' motion is a motion in *limine* masquerading as a motion to strike to prevent Plaintiffs from introducing valuable relevant evidence at

trial establishing that multiple notice providers independently sent Defendants notices that the same customers were engaged in massive piracy, yet Defendants did nothing.

Defendants seek to strike *Till Death* and other notice providers not because such information is scandalous or redundant under Fed. R. Civ. P. 12(f), but because this evidence destroys arguments Defendants have repeatedly made that notices sent by Plaintiffs' agents are unverifiable, infringement records from Maverickeye or the YTS website are unreliable, or that Defendants reasonably implemented a policy for terminating repeat infringers sufficient for the safe harbor defense. *See* Doc. #28-1, pp. 7-12. Defendants' motion should be denied because it is exactly the type of dilatory motion to strike that Courts disfavor.

## II.    BRIEF FACTUAL BACKGROUND

Plaintiffs are producers of popular copyright-registered motion pictures currently available for sale online and in brick-and-mortar retail stores. As alleged in the SAC, Plaintiffs and other rightsholders sent thousands of notices and even a demand letter to Defendants concerning Internet Protocol ("IP") addresses associated with confirmed infringing activity, yet Defendant failed to stop ongoing piracy for which they had specific knowledge. *See* SAC, ¶¶6-8, 56, 68.

On Dec. 6, 2023, the Court granted in part Plaintiffs' motion to file the SAC.

*See* Doc. ##75-76.  Particularly, the Court permitted Plaintiffs to join the 13 non-Screen Media plaintiffs and their 20 movies, clarify other factual allegations, and delete certain Plaintiffs and works that are no longer part of the case.  *See id.*

On Dec. 21, 2023, Plaintiffs filed the SAC consistent with the Court's Order. *See* Doc. #78.

On Jan. 18, 2024, Defendants file their motion to strike the SAC.  *See* Doc. #85.

## III.   LEGAL STANDARD

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike is generally disfavored. *See U.S. v. Kramer*, 757 F.Supp. 397, 409 (D.N.J. 1991).  In deciding motions to strike, the factual allegations of the non-movant are generally deemed to be true.  *See id.* ("All well-pleaded facts are taken as admitted on a motion to strike but conclusions of law or of fact do not have to be treated in that fashion.")

"Motions to strike…ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009). "[E]ven where the challenged material is redundant, immaterial, impertinent,

20-023T                                          7

or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009).

## IV.   ARGUMENT

### A.   *Plaintiffs' allegations regarding Till Death are consistent with and within the scope of the Order.*

As argued in the introduction, Til Productions, Inc. and *Till Death* are one of the 13 parties and one of the 20 works the Court already stated in the Opinion could be added and joined as Plaintiffs and subject matter.   Accordingly, Defendants' argument that the Order did not permit addition of *Till Death* is meritless.

Defendants attempt to cast doubt that Til Productions, Inc. has any ownership interest in *Till Death* or that an agent of Til Productions, Inc. also sent notices to Defendant.   *See* Mot., pp. 6-7.   However, Defendants' arguments must fail for at least the following reasons. First, Defendants' arguments are improper because on a motion to strike, Plaintiffs' well pleaded allegations are deemed true.   Plaintiffs plead in the SAC that "The Plaintiffs are the owners and/or beneficial owners of the copyrights in the Works as shown in Exhibit "A"".   SAC, ¶63.   Exhibit "A" to the SAC lists motion picture copyright registration number PA0002351661.   As shown in copyright registration itself, Til Productions, Inc. is the record owner of the work

20-023T

*Till Death*.  *See* Ex. "A".

Second, Defendants' argument that notices regarding *Till Death* were only sent by Irdeto or Facterra on behalf of Screen Media Ventures LLC ("SMV") is contradicted by evidence in Defendants' possession – namely that notices were sent to Defendants by both PML (agent of Til Productions, Inc.) and Irdeto (agent of SMV) concerning piracy of *Till Death*, which is consistent with Plaintiffs' position that both Til Productions Inc. and SMV have an ownership interest in the work.  *See* Exhibits "B" (copies of documents produced by RCN in discovery) and "C" (copy of notice Plaintiffs produced to RCN in discovery).  It is troubling that Defendants argue to this Court that only Irdeto and Facterra sent notices concerning *Till Death* when Defendants possess clear evidence to the contrary.

Third, the proposed SAC (Doc. #55) and the filed SAC (Doc. #78) both allege that notices generated by MaverickEye were sent by the agent of Plaintiffs (including Til Production, Inc.) to Defendants.  For example, paragraph 135 of the proposed SAC and paragraph 136 of the filed SAC allege, "MEU generated Notices of infringements ("Notices") styled per 17 U.S.C. §512(c)(3) of the Digital Millennium Copyright Act ("DMCA") to be sent by some of Plaintiffs' agents to service providers of IP addresses where they confirmed infringement of copyright protected content." Doc. #85-3, p.61. This sentence does not exclude the agent PML from

20-023T

sending notices on behalf of Til Production, Inc. to Defendants.  There is also no contradiction in both Til Productions, Inc. and SMV owning rights to *Till Death*.

Contrary to Defendants argument that Plaintiffs have "represented" SMV is the only owner of *Till Death,* in SMV's newly filed action against Defendants[1], SMV has stated, as it has repeated here, that it has an ownership interest in the work. This does not automatically exclude Til Production's co-extensive ownership interest in the same work.  Indeed, this is one of the reasons Plaintiffs sought to first join SMV to the present action and then, following the Opinion, filed a separate action which they now seek to consolidate with the present action.  *See* Doc. #87.

The factual allegations concerning *Till Death* and Til Production, Inc. in the SAC were appropriate and consistent with Plaintiffs' motion to amend and with the Court's order and therefore should not be stricken.

**B.    *Plaintiffs' allegations regarding Irdeto and Facterra are consistent with and within the scope of the Order.***

Defendants assert that "…the Court has clearly ruled that Plaintiffs are not permitted to add new claims or allegations regarding SMV works, Irdeto, or Facterra."  Mot., p.11.  Not true.  The Order states that Defendants would be

---

[1] *Screen Media Ventures LLC v. RCN Telecom Services, LLC, et al*., 3:23-cv-23356-MAS-TJB (D.N J.).

20-023T

burdened by the need to "conduct discovery on over 320 new copyrighted works, involving two additional detection systems if all of SMV's works were added. Doc. #75, p.12.   But Plaintiffs have not added all of SMV's works here, rather, Plaintiffs have clarified an allegation originally made in the First Amended Complaint [Doc. #22] and also in the proposed SAC that, "Upon information and belief, other rightsholders had similar Notices sent to Defendants concerning infringing activity at IP addresses assigned to Defendants from ARIN with altered CMI."  Doc. #22, ¶125.  Consistent with the Court's order, Plaintiffs clarified *who* some of the other entities that sent notices on behalf of other rightsholders in the SAC are by mentioning Irdeto and Facterra.  Defendants cannot escape the fact that multiple notice providers sent them notices concerning the same IP addresses simply because SMV's works, which were also tracked by the same agents, are not part of the filed SAC. Indeed, allegations regarding specific notice providers are inherently related to the Plaintiffs' existing claims, regardless of whether SMV is a part of this action. *See generally BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 655 n.15 (E.D. Va. 2015), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018) ("Because [ISP] was not acting on or receiving [copyright holder's] notices, the Court's analysis focuses on how [ISP] treated notices of infringement received from third-party copyright owners. As the Ninth Circuit has noted, Section

20-023T

512(i)(1)(A) requires an assessment of the service provider's 'policy,' not how the service provider treated a particular copyright holder." (Internal quotations and citations omitted)).

The factual allegations concerning Irdeto and Facterra were appropriate and consistent with the Court's order and therefore should not be stricken.

## C.   *The Court explicitly authorized Plaintiffs to add factual allegations not in the proposed SAC.*

Defendants assert that "The Court Did Not Authorize Plaintiffs to Add Factual Allegations Not Present in the Proposed SAC."  Opp., p.8 (heading).  Not true.  Rather, the Court's opinion explicitly states, "Plaintiffs are also permitted to clarify other factual allegations..."  Doc. #75, p13.  Defendants do not argue that the additional allegations have no possible relation to the controversy or are redundant, immaterial, impertinent, or scandalous.  Rather, Defendants merely refer to added paragraphs without specifically arguing how these additional allegations do anything other than clarify allegations previously made in the FAC or proposed SAC.  Defendants also fail to articulate any concrete prejudice they suffer by these additional allegations.  *See Sun Microsystems, Inc.*, 630 F. Supp. 2d at 402 (D. Del. 2009) (pointing out that motions to strike are usually denied unless the allegations have no relation to the controversy and cause prejudice).  Rather, Defendants merely

20-023T

generically complain that they "…had no opportunity to address when opposing Plaintiffs' motion for leave to amend." Opp., p.12. But this generic statement fails to articulate any concrete prejudice suffered by Defendant from these additional clarifying allegations. Notably, Defendants have failed to bring up even a single argument they would have made against these allegations in opposing Plaintiffs' motion for leave to amend.

### D.   *Defendants' request for an extension.*

Plaintiffs take no position on Defendants' conditional request for 14-day extension but note they previously consented to Defendants' requests for 14-day extension to respond to the SAC and file an opposition to the appeal. *See* Docs. ##79-80. Defendants appear to criticize Plaintiffs in FN3 for not agreeing to their demand to stay Defendants' deadline to answer the SAC while the appeal is decided. However, as Plaintiffs' counsel explained, Plaintiffs would be disadvantaged by this approach. Plaintiffs would have to proceed with discovery with one hand tied behind their back because they would not have Defendants' answer to the SAC setting forth what Defendants deny and admit and Defendants' affirmative defenses.

### V. CONCLUSION

In view of the foregoing, the Defendants' Motion to strike the SAC should be denied.

20-023T

DATED: Jan. 30, 2024.

By: /s/Michael Cukor
MCGEARY CUKOR LLC
150 Morristown Road
Bernardsville, NJ 07924
(973) 339-7367
mcukor@mcgearycukor.com

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:   (808) 464-4047
Facsimile:    (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiffs

20-023T

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys on record.

DATED: Jan. 30, 2024.

By: /s/Michael Cukor
MCGEARY CUKOR LLC
150 Morristown Road
Bernardsville, NJ 07924
(973) 339-7367
mcukor@mcgearycukor.com

20-023T